# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| ANTHONY BOPEE MCCARTY | CIVIL ACTION NO. 07-871-P |
| VERSUS | JUDGE WALTER |
| FORCHT WADE CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed by pro se plaintiff Anthony Bopee McCarty ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on May 22, 2007. Plaintiff is incarcerated in the Winn Correctional Center in Winnfield, Louisiana. He challenges his state court sentence. He names the Forcht Wade Correctional Center and the Department of Corrections as defendants.

Plaintiff claims that he was arrested on August 3, 2006 for a technical parole violation. He claims he was not charged with a new crime. He claims that on November 6, 2006, his parole was revoked and he was committed to the custody of the Department of Corrections for five years and 29 days. He claims that pursuant to La. R.S. 15:574, his sentence should not have exceeded 90 days. He also claims he was denied educational good-time credits earned prior to his release on parole.

As relief, Plaintiff seeks his immediate release from incarceration, reinstatement and/or termination of his supervised parole and monetary compensation and damages.

## LAW AND ANALYSIS

**Heck Claim**

Plaintiff is seeking monetary compensation and damages for an alleged unconstitutional sentence.  The United States Supreme Court held that in order to recover monetary damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).  Heck involved a civil rights claim brought by a state prisoner.  The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit.  See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary compensation and damages for civil rights violations under Section 1983; therefore, he must prove that his conviction or sentence has been

invalidated.  He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction or sentence has been invalidated.

**Habeas Claim**

Plaintiff alleges that his sentence is unlawful.  Although Plaintiff submitted his claim on the standardized civil rights complaint form, it is incumbent upon this Court to determine preliminarily whether the facts alleged establish a claim under 42 U.S.C. § 1983 of the Civil Rights Act, or whether the claim is one which must be pursued initially in a habeas corpus proceeding.  This determination is made by focusing on "the scope of relief actually sought." Alexander v. Ware, 417 F.2d 416, 419 (5th Cir. 1983); Serio v. Members of the La. State Bd. of Pardons, 821 F.2d 1112, 1117 (5th Cir. 1987).

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).  In accordance with this guideline, the United States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined." Serio, 821 F.2d at 1117 (citing Fulford v. Klein, 529 F.2d 377, 381 (5th Cir. 1976), adhered to en banc, 550 F.2d 342 (1977)).  Plaintiff is challenging his sentence and his claim clearly falls within the strictures of this guideline.

However, habeas relief is unavailable to Plaintiff at this time.  Although such relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States,"  28 U.S.C. § 2254, the right to pursue habeas relief in federal court is not unqualified.  It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies.  See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar, but a procedural one erected in the interest of comity to provide state courts first opportunity to pass upon and to correct alleged constitutional violations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); Rose v. Lundy, 455 U.S. 509 (1982).  It is clear that Plaintiff has not exhausted his state court remedies.  Therefore, Plaintiff is not entitled to habeas relief at this time because he has failed to exhaust his state court remedies.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim

as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks

v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke

v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint seeking monetary

damages for his alleged unconstitutional sentence be **DISMISSED WITH PREJUDICE** as

frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met and that

Plaintiff's request for habeas relief be **DISMISSED WITHOUT PREJUDICE** for failure

to exhaust state court remedies.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties

aggrieved by this recommendation have ten (10) business days from service of this Report

and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another

party's objection within ten (10) days after being served with a copy thereof.  Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the

time of filing.

A party's failure to file written objections to the proposed findings, conclusions and

recommendations set forth above, within ten (10) days after being served with a copy shall

bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed

factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

 **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 16th day of July 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE
